UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **RICHARD G. WILSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 4:22-CV-66 PLC |
| | ) |
| **BRIAN ANTHONY RAYFORD** | ) |
| and | ) |
| **JOHN W. LAUMEIER,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant John Laumeier's motion for summary judgment [ECF No. 42] on Plaintiff's First Amended Complaint [ECF No. 21]. Plaintiff opposes the motion. [ECF No. 51] For the following reasons, the Court grants Defendant's motion for summary judgment.

    **I.**    **Background**

    A. Plaintiff's Complaint

Plaintiff filed a petition pursuant to 42 U.S.C. §1983 in the Circuit Court of St. Louis County against Defendants Brian Rayford and John Laumeier, police officers with the City of Bellefontaine Neighbors, in their individual and official capacities, and the City of Bellefontaine Neighbors. [ECF No. 4] Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. [ECF No. 1] Plaintiff subsequently filed a First Amended Complaint and Defendants moved to dismiss certain claims contained therein. [ECF No. 21, 23] The Court granted Defendants' motion, and Plaintiff remaining claims are that Defendant Officers, in their individual capacities: (1) violated his Fourth Amendment rights under 42 U.S.C. §1983 through the use of

1

excessive force and by wrongfully arresting him (Count I), and (2) violated his Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 by falsely imprisoning him (Count III). [ECF Nos. 21 & 27]

In his First Amended Complaint, Plaintiff alleges that on April 20, 2020, he was a state-licensed private investigator who attempted to serve a court summons on April Crockett at her mother's residence. [ECF No. 21 at ¶¶ 8-9] Jacqueline Crockett (Ms. Crockett), the homeowner, called the police and Defendant Rayford responded to the scene. [ECF No. 21, ¶¶ 12, 15] Defendant Rayford demanded Plaintiff's identification and Plaintiff provided Defendant Rayford with "the visible identifications around his neck[,]" a "court issued subpoena[,]" and "other documents showing he was licensed by the State of Missouri." [ECF No. 21 at ¶19-21] Plaintiff alleges Defendant Rayford told Plaintiff "I don't care a fuck" and "forcibly detained Plaintiff against his will." [ECF No. 21 at ¶¶ 20-21] Plaintiff asserts Defendant Rayford "excessively used force in handcuffing the Plaintiff causing injury to his wrist" and "articulated that he had no other reason to detain Plaintiff" or probable cause to hold him other than to confirm that Plaintiff was a process server. [ECF No. 21 at ¶¶ 22-23] Defendant Laumeier subsequently arrived at the scene. [ECF No. 21 at ¶ 29]

In Count I, Plaintiff alleges Defendants are liable under §1983 for violating his Fourth Amendment rights by using excessive force and wrongfully arresting him. [ECF No. 21] With respect to Defendant Laumeier, Plaintiff alleges Defendant Laumeier arrived at the scene and denied him medical attention after observing Plaintiff's "hands being bruised and bleeding from the excessive force and treatment of [Defendant] Rayford[.]" [ECF No. 21 at ¶ 29 & 30] Plaintiff states Defendant Rayford "forcefully grabbed Plaintiff" and placed "him back in handcuffs" at the police station after Defendant Laumeier said "something" to Defendant Rayford when Plaintiff

2

requested medical attention.  [ECF No. 21 at ¶ 32] Plaintiff contends Defendants issued a meritless charge against Plaintiff for "failing to comply" "to explain the wrongful arrest and excessive force used against [him]." [Id. at 33-34]

In Count III, Plaintiff brings a claim of false imprisonment under 42 U.S.C. § 1983 against Defendants asserting they "cause[d his] wrongful arrest" in violation of his Fourth, Fifth, and Fourteenth Amendment rights, in that he "was excessively restrained by handcuffs, causing serious injury, placed in a very tight space within a car for an excessive amount of time, wrongfully arrested and placed in a jail cell for an unreasonable amount of time[.]" [ECF No. 21 at ¶ 6,  41, 42] Plaintiff alleged he was "denied medical attention caused by injuries received by [Defendant] Rayford" and that Defendants observed his "injuries and held him, wrongfully charged him, in an effort to evade civil and criminal liabilities." [ECF No. 21 ¶ 49]

B. Defendant's Statement of Uncontroverted Material Facts and Plaintiff's Response

In support of his motion for summary judgment, Defendant Laumeier filed a Statement of Facts setting forth facts, in separately numbered paragraphs, with supporting citations to the record. Specifically, Defendant cites to his attached affidavit, with references to the paragraph in his affidavit that supports his statement of uncontroverted material fact, and to a Bellefontaine Neighbors Police Department Investigative Report and an arrest booking sheet completed by Defendant Brian Rayford in relation to the incident at issue. [ECF No. 44, 44-1]

Plaintiff filed a Response to Defendant's Statement of Facts setting forth, in separately numbered paragraphs, his responses to Defendant's alleged facts and including additional allegations of fact. [ECF No. 52] In support of his responses and factual allegations, Plaintiff cites to his attached affidavit as a whole, to allegations in his unverified complaint, or provides no citation at all. [ECF No. 52, 52-1]

In his reply, Defendant contends Plaintiff's Response failed to properly controvert any material fact asserted by Defendant in his Statement of Facts. [ECF No. 53] Specifically, Defendant argues the factual allegations in Plaintiff's Response are not adequately supported because Plaintiff: (1) fails to cite to any evidence in the record, (2) relies upon the allegations in his unverified First Amended Complaint; and (3) relies upon Plaintiff's affidavit, which contains legal conclusions, conclusory allegations, and new allegations and claims outside of the scope of the First Amended Complaint. [ECF No 53]

Federal Rule of Civil Procedure 56(c) provides that, in a summary judgment proceeding, a party asserting that a fact is or is not genuinely disputed must support his or her assertion by: (1) "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or (2) "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).

Local Rule 4.01(E)[1] imposes requirements concerning statements of uncontroverted

---

[1] Local Rule 4.01(E) states:
Every memorandum in support of a motion for summary judgment must be accompanied by a document titled Statement of Uncontroverted Material Facts, which must be separately filed using the filing event, "Statement of Uncontroverted Material Facts." The Statement of Uncontroverted Material Facts must set forth each relevant fact in a separately numbered paragraph stating how each fact is established by the record, with appropriate supporting citation(s). Every memorandum in opposition must be accompanied by a document titled Response to Statement of Material Facts, which must be separately filed using the filing event "Response to Statement of Material Facts." The Response must set forth each relevant fact [that] the party contends [raises] a genuine issue. The facts in dispute shall be set forth with specific citation(s) to the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from the moving party's Statement of Uncontroverted Material Facts. All matters set forth in the moving party's Statement of Uncontroverted Material Facts

material facts in connection with summary judgment motions. The Rule provides that the movant must file a statement of uncontroverted material fact setting "forth each relevant fact in a separately numbered paragraph stating how each fact is established by the record, with appropriate supporting citation(s)." Eastern District of Missouri, Local Rule 4.01(E). Every memorandum in opposition to a motion for summary judgment must include a response to the movant's statement of material facts. Id. The nonmovant's response must set forth each relevant fact which the nonmovant contends a genuine issue exists, noting the paragraph number from the movant's statement of uncontroverted material facts, and include "specific citation(s) to the record, where available, upon which the opposing party relies." Id. The Local Rule further provides that "[a]ll matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." Id. See also Fed. R. Civ. P. 56 (e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may… consider the fact undisputed for purposes of the motion….").

"The 'concision and specificity required' by rules such as Local Rule 4.01(E) 'seek to aid the district court in passing upon a motion for summary judgment, reflecting the aphorism that it is the parties who know the case better than the judge.'" Newbern v. American Family Mutual Insurance Company, S.I., No. 1:19CV 86 ACL, 2020 WL 3791547, at *3 (E.D. Mo. July 7, 2020) (quoting Libel v. Adventure Lands of America, Inc., 482 F.3d 1028, 1032 (8th Cir. 2007)). Local Rule 4.01(E) is designed "to prevent a district court from engaging in the proverbial search for a needle in the haystack. Courts have neither the duty nor the time to investigate the record in search of an unidentified genuine issue of material fact to support a claim or a defense." Id. (quoting

---

shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

Libel, 482 F.3d at 1032).

Four of Plaintiff's responses to Defendant's Statement of Facts either provide no citation at all (¶ 8) or cite to Plaintiff's allegations in his unverified First Amended Complaint as his sole source of support (¶¶ 1, 5, 11).  A nonmovant is required to offer evidence countering a movant's supporting affidavits and other evidence. Tweeton v. Frandrup, 287 Fed. Appx. 541 (8th Cir. 2008) (citing Rule 56(e)). An allegation in an unverified complaint does not constitute competent evidence to support a statement of fact in support of a Rule 56(c) motion for summary judgment. Id; Lin Gao v. St. Louis Language Immersion Schools, Inc., No. 4:13-CV-1956-SPM, 2014 WL 6871166, at *5 (E.D. Mo. Dec. 5, 2014) ("The unsworn and unsupported allegations made in Plaintiff's unverified complaint and repeated in her response to Defendants' motion do not constitute competent evidence that can be used to defeat a motion for summary judgment.") Because Plaintiff failed to counter Defendant's factual allegations with supporting evidence, Defendant's allegations in these paragraphs are deemed admitted. To the extent Plaintiff attempts to allege additional material facts in dispute in these paragraphs, the Court does not consider these allegations because they are unsupported by any evidence in the record.

Defendant also argues that Plaintiff's affidavit does not provide an adequate means of support for many of Plaintiff's factual allegations. [ECF No. 53] Specifically, Defendant contends Plaintiff's affidavit includes numerous conclusory allegations, legal arguments, and statements not based on personal knowledge, including that Defendant Laumeier: (1) "conspired" with Defendant Rayford to arrest, injure, and falsely charge Plaintiff with a crime; (2) "accommodated and fostered" a false arrest and "misguided [Defendant Rayford] by instigating a conspiracy to manufacture crimes and circumstances to keep [Plaintiff] in custody[;]" (3) instructed Defendant Rayford to lock Plaintiff in a jail cell as part of conspiracy to manufacture a charge against him;

6

and (4) "willfully and maliciously arrested [Plaintiff] for a false charge in an effort to protect himself" and others from liability for injuring Plaintiff's wrist. Defendant further contends that Plaintiff's affidavit contains new allegations of wrongdoing beyond the scope of the claims in the First Amended Complaint, including that Defendant Laumeier: (1) was the arresting officer at the scene and the police station; (2) ordered the mugshots, fingerprints, and booking of Plaintiff at the station; (3) forced Plaintiff into a police car after Plaintiff's arrest, booking, and release from custody; and (4) re-arrested Plaintiff because Plaintiff would not tell Defendant Laumeier where Plaintiff's car was parked. [ECF No. 53, 52-1, ¶¶ 17-22]

Any affidavit or declaration used to support or oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Thus, the Court can only consider admissible evidence and may not rely on affidavits that are "made without personal knowledge, consist…of hearsay, or purport…to state legal conclusions as fact." Davis v. Webb, No. 4:11-CV-1906-JAR, 2014 WL 1314938, at *4, n.7 (E.D. Mo. Mar. 28, 2014) (quoting Murphy v. Missouri Dept. of Corrections, 372 F.3d 979, 982 (8th Cir.2004)); Fed. R. Civ. P. 56(c)(4).

Furthermore, a plaintiff may not allege new, previously unpled claims in order to avoid summary judgment. Northern States Power Co. v. Federal Transit Admin., 358 F.3d 1050, 1057 (8th Cir. 2004). Rule 8(a) of the Federal Rules of Civil Procedure provides that pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). "The essential function of notice pleading 'is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Northern States Power Co., 358 F.3d at 1057 (quoting Oglala Sioux Tribe of

7

Indians v. Andrus, 603 F.2d 707, 714 (8th Cir. 1979)). The district court does not have to consider allegations supporting previously unpled claims in considering a motion for summary judgment. See Id.; Rodgers v. City of Des Moines, 435 F.3d 904, 909–10 (8th Cir. 2006).

Although Plaintiff's affidavit contains numerous allegations, many of these allegations are not repeated in Plaintiff's Response to Defendant's Statement of Facts or alleged as material facts in opposition to the motion for summary judgment. To the extent that Plaintiff's Response to Defendant's Statement of Facts and his affidavit rely on legal argument or conclusory factual allegations, the Court declines to consider such argument or conclusory allegations in evaluating the merits of Defendant's motion for summary judgment. See Davis, 2014 WL 1314938, at *4, n. 7 ("It is the Court's job to eliminate from consideration any argument, conclusions, and assertions unsupported by the evidence of record.") The Court also will not consider any allegations contained in Plaintiff's affidavit that are not related to the claims and allegations of wrongdoing raised in his First Amended Complaint. See Northern States Power Co., 358 F.3d at 1057; Rodgers, 435 F.3d at 909–10.

C. Factual Background

On April 20, 2020, at approximately 6:10 p.m., Ms. Crockett called the police to report a suspicious male, subsequently identified as Plaintiff, trespassing on her property. [ECF No. 44, ¶1; 52, ¶1] Defendant Rayford, a police officer with the City of Bellefontaine Neighbors Police Department, responded to the scene. [No. 44, at ¶2; 52, ¶ 2] Shortly thereafter, Defendant Laumeier, a sergeant with the City of Bellefontaine Neighbors Police Department, arrived at the scene, where he saw Plaintiff in handcuffs sitting on the street curb near Defendant Rayford's police vehicle. [Id. at ¶¶ 3 & 4] Defendant Laumeier did not physically touch Plaintiff while at the scene and he was not present during "any alleged physical altercation between [Defendant]

Rayford and Plaintiff." [ECF No. 44, ¶¶ 8, 10]  Defendant Rayford advised Defendant Laumeier that "Plaintiff was armed with two loaded firearms, aggressively uncooperative, evaded [Defendant] Rayford's attempts to review his identification, and refused to give Defendant Rayford his name and general identification information." [ECF No. 44, ¶ 5]

At approximately 6:30 p.m., Defendant Rayford placed Plaintiff in his police vehicle and escorted him to the police station for booking. [ECF Nos. 44, ¶ 9; 52, ¶9]  At the station, Defendant Rayford handled the booking process and placed Plaintiff in a holding cell. [ECF No. 44, ¶ 11] Defendant Laumeier did not physically touch, handcuff, or place Plaintiff into a holding cell. [ECF No. 44, ¶ 15 & 16] Defendant Laumeier did not draft any probable cause statement, investigative report, or citation related to Plaintiff's arrest and charges. [ECF No. 44, ¶ 18] In support of his motion for summary judgment, Defendant Laumeier submitted his affidavit along with a police report of the incident and a booking sheet completed by Defendant Rayford. [ECF No 44-1] The booking sheet reflects that Defendant Rayford was the arresting officer. [ECF No. 44-1]

The parties disagree on certain details related to these events.  Defendant Laumeier alleges that, while at the scene, he did not "witness Plaintiff to have any injuries[,]" and that Plaintiff did not speak with or request any assistance from Defendant Laumeier. [ECF No. 44 at ¶ 7 & 8] In addition to asserting he was not present for any alleged physical altercation between Defendant Rayford and Plaintiff at the scene, Defendant Laumeier alleges he neither witnessed, nor was in the vicinity of, any use of forced effected on Plaintiff by Defendant Rayford while at the police station. [ECF No. 44, ¶¶ 8 & 17]

Plaintiff asserts in his affidavit that Defendant Rayford injured Plaintiff's wrist by handcuffing him prior to Defendant Laumeier's arrival at the scene.[2] [ECF No. 52-1, ¶5-6]

---

[2] Plaintiff did not include this as a material fact in his Response, however, this allegation is consistent with Plaintiff's claims in his First Amended Complaint. [ECF Nos. 21, 52]

9

Plaintiff alleges he advised Defendant Laumeier at the scene that he was injured and needed medical attention. [ECF No. 52, ¶ 7] Plaintiff does not dispute that Defendant Laumeier did not personally handcuff him or place him into a holding cell, but asserts that Defendant Laumeier "ordered [Defendant] Rayford to handcuff Plaintiff and place him in the holding cell" and that Defendant Laumeier "as a supervisor, failed to intervene with the excessive force against Plaintiff." [ECF No. 52, ¶¶ 15 & 16] Plaintiff further asserts that Defendant Laumeier was present during the booking process at all times and "while Plaintiff endured unlawful acts of violence." [ECF No. 52, ¶ 17] Plaintiff does not dispute that Defendant Laumeier did not draft any probable cause statement, investigative report, or citation related to Plaintiff's arrest and charges but alleges that Defendant Laumeier "contributed to and assisted [Defendant] Rayford in the arrest and charges of Plaintiff." [ECF No. 52, ¶ 18]

## II.     Legal Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Hill v. Walker, 737 F.3d 1209, 1216 (8th Cir. 2013). The movant "bears the initial responsibility of informing the district court of the basis for its motion" and must identify "those portions of [the record]...which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant does so, the non-movant must respond by submitting evidentiary materials that set out "specific facts showing that there is a genuine issue for trial." Id. at 324 (quotation marks omitted).

"On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)). The court's function is

10

not to weigh the evidence but to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).

### III. Discussion

Defendant Laumeier contends he is entitled to summary judgment on Plaintiff's excessive force claim in Count I because: (1) Plaintiff does not allege that Defendant Laumeier used any excessive force against him; (2) Defendant Laumeier was not present during the alleged excessive force exerted by Defendant Rayford and, therefore, did not have a realistic opportunity to prevent the excessive force; and (3) even if Defendant Laumeier was present when Defendant Rayford exerted excessive force, he is entitled to qualified immunity. [ECF Nos. 42 & 43] Defendant argues he is entitled to summary judgment on Plaintiff's wrongful arrest claim as alleged in Count I of the First Amended Complaint because he did not arrest Plaintiff and he did not have a duty to intervene in the alleged wrongful arrest of Plaintiff by Defendant Rayford. [ECF Nos. 42 & 43] Finally, Defendant Laumeier asserts he is entitled to summary judgment on Count III because a claim for false imprisonment is not actionable under 42 U.S.C. § 1983.

Plaintiff opposes summary judgment contending Defendant Laumeier has failed to "set forth specific facts showing that there is no genuine issue for trial" because Defendant's support for the motion is "nothing more than denials" and "[n]o real evidence has been submitted that would preclude a jury finding for the Plaintiff against [Defendant] Laumeier." [ECF No 51]

A. Count I – Excessive Force and Wrongful Arrest

1. Excessive Force

11

Defendant Laumeier moves for summary judgment on Plaintiff's §1983 claim for excessive force arguing: (1) he did not personally use excessive force against Plaintiff and (2) he cannot be liable for a failure to intervene because he was not present when the excessive force occurred and, therefore, did not have a realistic opportunity to prevent it. [ECF No. 42 & 43] Defendant Laumeier further argues even if the Court finds a question of fact exists whether he was present during Defendant Rayford use of force, he is entitled to qualified immunity. [ECF No. 42 & 43] While Plaintiff opposes summary judgment, he does not respond to Defendant's specific legal arguments, instead asserting he "suffered physical and mental injuries which were exacerbated by [Defendant] Laumeier's actions and failure to act" and that Defendant has not presented evidence supporting his denial of liability. [ECF No. 51].

To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law; and (2) that the alleged conduct deprived the plaintiff of a constitutionally protected federal right. Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009). "The right to be free from excessive force in the context of an arrest is a clearly established right under the Fourth Amendment's prohibition against unreasonable seizures." Ngo v. Storlie, 495 F.3d 597, 604 (8th Cir. 2007) (quoting Samuelson v. City of New Ulm, 455 F.3d 871, 877 (8th Cir. 2006)). "In determining whether a particular use of force was excessive, [a court] considers whether it was objectively reasonable under the circumstances, 'rely[ing] on the perspective of a reasonable officer present at the scene rather than the 20/20 vision of hindsight.'" Perry v. Woodruff County Sheriff Dept., 858 F.3d 1141, 1145 (8th Cir. 2017) (quoting Carpenter v. Gage, 686 F.3d 644, 649 (8th Cir. 2012) (internal quotation omitted)).  "Police officers undoubtedly have a right to use some degree of physical force, or threat thereof, to effect a lawful seizure, and reasonable applications of force may well cause pain or minor injuries with some frequency." Chambers v. Pennycook,

641 F.3d 898, 907 (8th Cir. 2011) (internal citation omitted). Importantly, a plaintiff need not "show more than de minimis injury to establish an application of excessive force." Chambers, 641 F.3d at 904, 907 (clarifying a previously "open question in this circuit whether an excessive force claim requires some minimum level of injury").

Plaintiff does not assert in his First Amended Complaint that Defendant Laumeier personally used any force, excessive or otherwise, against him either at the scene or at the police station after his arrest. [ECF No. 21]  Instead, Plaintiff's claim is that Defendant Laumeier failed to intervene to stop Defendant Rayford's use of excessive force against Plaintiff. [ECF Nos. 21, ¶¶ 22, 28, 29, 32; 52 ¶¶ 4, 7, 10, 11, 15, 17]

"An officer who fails to intervene to prevent a fellow officer's excessive use of force may be liable under § 1983." Barrientez v. Jefferson Cnty., No. 4:12-cv-179 HEA, 2016 WL 915188, at *4 (E.D. Mo. Mar. 10, 2016); Hollingsworth v. City of St. Ann, 800 F.3d 985, 991 (8th Cir. 2015).  An officer is liable for failing to intervene when either: (1) the officer is present and has an opportunity to prevent the excessive use of force, or (2) the officer is "instrumental in assisting the actual attacker or aggressor to place the victim in a vulnerable position." Barrientez, 2016 WL 915188, at *4 (quoting Torres–Rivera v. O'Neill-Cancel, 406 F.3d 43, 52 (1st Cir. 2005)).  The officer must have a "realistic opportunity" to prevent the use of force.  Id.

Plaintiff's complaint raises two alleged instances of excessive force, one at the scene and one at the police station, both perpetrated by Defendant Rayford. It is undisputed that Defendant was not present during the first instance at the scene when Defendant Rayford allegedly "excessively used force in handcuffing the Plaintiff causing injury to his wrist and as well as other injuries" while "forcibly detaining Plaintiff against his will[.]"[ECF No 21, ¶¶ 21-22]  Plaintiff does not contest the Defendant Laumeier was not present during any alleged physical altercation

13

between Defendant Rayford and Plaintiff at the scene. Furthermore, Plaintiff's Response did not contest Defendant's Statement of Facts asserting Plaintiff was already handcuffed when Defendant Laumeier arrived at the scene and that Defendant Laumeier did not see Plaintiff's alleged injuries. [ECF Nos. 44, ¶¶ 4 & 8; 52, ¶¶ 4 & 8] Because it is undisputed that Defendant Laumeier was not present when Defendant Rayford allegedly used excessive force against Plaintiff at the scene, Defendant Laumeier did not have a realistic opportunity to prevent the alleged use of force and cannot be held liable for failing to intervene. [ECF No 21 ¶ 29]

Plaintiff also alleged in his First Amended Complaint that, at the police station, Defendant Laumeier "said something" to Defendant Rayford after Plaintiff requested medical attention, and Defendant Rayford responded by "immediately and forcefully grabbed Plaintiff [and] placing him back in handcuffs[.]" [ECF No. 21 ¶ 32] In his Response to Defendant's Statement of Facts, Plaintiff asserts that Defendant Laumeier "witnessed the excessive force and injuries and failed to intervene" in the acts of excessive force by Defendant Rayford at the police station. [ECF No 52, ¶¶10-11, 17] Specifically, Plaintiff alleges in his Response that Defendant Laumeier: (1) "was present during the booking process and while Plaintiff endured unlawful acts of violence" and (2) advised "[Defendant] Rayford at the police station during the booking process which resulted in additional excessive force."[3] [ECF No. 52, ¶¶ 11 & 17]  Plaintiff cites to his affidavit and to his unverified First Amended Complaint to support these allegations. [ECF No. 52, ¶¶ 11 & 17]

---

[3] Plaintiff also alleges in his Response that Defendant Laumeier "as a supervisor, failed to intervene with the excessive force against Plaintiff." [ECF No. 52, ¶ 15] "Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights." Otay v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997).  Each officer, "his or her own title notwithstanding, is only liable for his or her own misconduct." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010). While the courts recognized a claim for failure to supervise, Plaintiff did not include this claim in his First Amended Complaint. See Otay, 121 F.3d 1155 (officer can be liable for a constitutional violation only if he directly participated in the violations or if his failure to train or supervise the offending actor cased the violation). [ECF Nos. 21]

14

Plaintiff's filings do not contain factual allegations supporting a finding that Defendant Rayford used excessive force against Plaintiff while in Defendant Laumeier's presence at the police station. Plaintiff's statements in his Response that he was subject to "excessive force" and "unlawful acts of violence" are legal conclusions, not factual allegations, and cannot support Plaintiff's claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements"); Davis, 2014 WL 1314938, at *4 (the Court can only consider admissible evidence and may not rely on affidavits purporting to state legal conclusions as fact). The only factual allegations describing this alleged "excessive force" are contained in Plaintiff's unverified complaint, which is insufficient evidentiary support to defeat a motion for summary judgment.[4] See Tweeton, 287 Fed. Appx. 541 (allegations in an unverified complaint are not evidence support a statement of fact under Rule 56)). Furthermore, Plaintiff's unverified allegation that he was "forcefully grabbed" and placed "back in handcuffs" do not support a finding that excessive force was used against him. [ECF No. 21, ¶32] Plaintiff does not allege that he suffered any injury as a result of these actions and there are no facts before the Court suggesting that this use of force could be classified as "excessive." Chambers, 641 F.3d at 907 (police officers have the right to use some degree of physical force to effect a lawful seizure and a plaintiff need not "show more than de minimis injury to establish an application of excessive force"). Based on the record before the Court, a jury could not conclude that Defendant Laumeier's conduct deprived Plaintiff of his Fourth Amendment right to be free from excessive force by either using excessive force against Plaintiff or by failing to intervene in Defendant Rayford's use of excessive force. In light of the Court's finding on this issue, the Court need not address Defendant

---

[4] Plaintiff does not state in his affidavit that he was subject to any acts of excessive force or describe any force used against him while he was at the police station. [ECF No. 52-1]

15

Laumeier's argument that he is protected by qualified immunity. Accordingly, the Court grants Defendant's motion for summary judgment on Plaintiff's excessive force claim under 42 U.S.C. § 1983 against Defendant Laumeier in Count I.

2. <u>Wrongful Arrest</u>

In Court I of his First Amended Complaint, Plaintiff also asserts a claim against Defendant Laumeier under § 1983 for Plaintiff's wrongful arrest in violation of the Fourth Amendment. [ECF No 21] Plaintiff alleges in his complaint that Defendant Rayford "forcibly detained Plaintiff against his will[,]" and that Plaintiff was held for several hours before Defendants issued a meritless charge against him for "Failing to Comply" "as a reason to explain the wrongful arrest and excessive force used against Plaintiff." [ECF No. 21, ¶¶ 23 & 33- 34]

Defendant Laumeier contends he is entitled to summary judgment on Plaintiff's claim for wrongful arrest because it he did not arrest Plaintiff and the Eighth Circuit does not recognize a claim for failure to intervene in a wrongful arrest. [ECF No. 42 & 43]  Again, Plaintiff does not address Defendant's arguments in his memorandum in opposition to Defendant's motion. [ECF No. 51]

Plaintiff alleges in his Response that Defendant Laumeier: (1) "conspired" with Defendant Rayford "to create unlawful charges against Plaintiff for a crime that he did commit" [ECF No. 52, ¶ 13], (2) "ordered [Defendant] Rayford to handcuff Plaintiff and place him in a holding cell" [ECF No. 52, ¶16], and (3) "contributed to and assisted [Defendant] Rayford in the arrest and charges of Plaintiff" [ECF No. 52].  Plaintiff supports these factual allegations with citations to his affidavit which repeats his assertions that Defendant Laumeier "conspired" with Defendant Rayford to wrongfully arrest Plaintiff and ordered Defendant Rayford to process Plaintiff's arrest in violation of Plaintiff's constitutional rights. [ECF No. 52-1, ¶¶ 8, 9, 10, 13, 15, 16, 17]  Despite

16

these allegations, Plaintiff does not contest that it was Defendant Rayford, not Defendant Laumeier, who handcuffed Plaintiff, transported Plaintiff to the police department, completed the booking process, and placed Plaintiff in the holding cell. [ECF No. 44 at ¶¶ 3, 4, 9, 11, 15 & 16] Nor does Plaintiff dispute that Defendant Laumeier did not draft any probable cause statement, investigative report, or citation related to Plaintiff's arrest and charges. [ECF No. 44, ¶ 18] It is undisputed that the booking sheet reflects that Defendant Rayford was the arresting officer. [ECF No. 44-1] Because the record demonstrates that it was Defendant Rayford and not Defendant Laumeier who arrested Plaintiff, Defendant Laumeier cannot be held liable for a claim of wrongful arrest.

To the extent Plaintiff is seeking to bring a claim against Defendant Laumeier for failing to intervene in his wrongful arrest by Defendant Rayford, Defendant Laumeier is entitled to summary judgment because the Eighth Circuit does not recognize an officer's duty to intervene to prevent a wrongful arrest.[5] While the Eighth Circuit recognizes an officer's duty to prevent the unconstitutional use of excessive force by another police officer, it has not recognized an officer's duty to intervene to prevent other constitutional violations. Brandy v. City of St. Louis, Missouri, No. 4:18CV1674 JCH, 2022 WL 1604570, at *8–9 (E.D. Mo. May 20, 2022)(citing Livers v. Schenck, 700 F.3d 340, 360 (8th Cir. 2012); Zorich v. St. Louis Cnty., No. 4:17-CV-1522-PLC, 2018 WL 6621525, at *24 (E.D. Mo. Dec. 18, 2018); and Andrews v. Schafer, 888 F.3d 981, 984 n. 4 (8th Cir. 2018)). Because Defendant Laumeier did not have a duty to intervene and prevent Plaintiff's allegedly wrongful arrest by Defendant Rayford, Defendant Laumeier is entitled to summary judgment on this claim. Accordingly, the Court grants Defendant's motion for summary judgment on Plaintiff's wrongful arrest claim under 42 U.S.C. § 1983 against Defendant Laumeier

---

[5] Plaintiff alleged in his affidavit that Defendant Laumiere "did nothing to correct [Defendant Rayford's] wrongful act of unlawfully detaining me, searching me, and violating my civil rights." [ECF No. 52-1, ¶ 7]

in Count I.

    B.  <u>Count III – False Imprisonment</u>

In Count III of his First Amended Complaint, Plaintiff brings a claim of false imprisonment pursuant to 42 U.S.C. §1983 alleging violations of his rights under the Fourth, Fifth, and Fourteenth Amendments. [ECF No. 21, ¶ 6, 41] In support of his claim, Plaintiff asserts he was "excessively restrained by handcuffs, causing serious injury, placed in a very tight space within a car for an excessive amount of time, wrongfully arrested and placed in a jail cell for an unreasonable amount of time" and was not free to leave "despite being told that no charges were being issued." [ECF No. 21 at ¶¶ 42, 43] Plaintiff alleges Defendant Laumeier observed his injuries and "held him [and] wrongfully charged him, in an effort to evade civil and criminal liabilities." [ECF No. 21 ¶ 49] Plaintiff contends Defendant Rayford acted in "totally disregard[] of his duty as an officer" and that Defendant Laumeier knew "there was no legitimate criminal charge that could be issued against Plaintiff" and that the officers "totally abdicated their responsibilities as police officers and wrongfully imprisoned…Plaintiff." [ECF No. 21, ¶ 48, 50]

Defendant Laumeier contends he is entitled to judgment as a matter of law because false imprisonment is a state law tort claim that is not actionable under § 1983 as a violation of a person's Fourteenth Amendment rights. [ECF Nos. 42 & 43] Defendant further contends that Plaintiff's claim that his false imprisonment violated his Fourth Amendment rights is indistinguishable from his claim for wrongful arrest under Count I. [ECF Nos. 42 & 43] Plaintiff does not address Defendant's arguments on these points. [ECF No. 51]

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show a deprivation of a right, privilege, or immunity secured by the Constitution or the laws of the United States." <u>Pace v. City of Des Moines</u>, 201 F.3d 1050, 1055 (8th Cir. 2000). The Eighth Circuit has held that false

18

imprisonment is not a claim under the Fourteenth Amendment. King v. Beavers, 148 F.3d 1031, 1034 (8th Cir. 1998) ("False imprisonment is a state law tort claim. It is not coextensive with the Fourteenth Amendment[.]") Furthermore, under "the Fourth Amendment, false imprisonment is an extension of unlawful arrest-the two claims overlap." Setchfield v. St. Charles Co., No. 4:21-CV-923 RLW, 2023 WL 3275548, at * 11 (E.D. Mo May 5, 2023). Here, Plaintiff's false imprisonment claim is not cognizable as a Fourteenth Amendment violation and is encompassed within Plaintiff's claim for unlawful arrest under the Fourth Amendment in Count I. See Id. Based on the foregoing, the Court finds Defendant is entitled to judgment as a matter of law on Plaintiff's claim for false imprisonment under 42 U.S.C. §1983. Accordingly, the Court grants Defendant's motion for summary judgment on Plaintiff's false imprisonment claim under 42 U.S.C. § 1983 against Defendant Laumeier in Count III.

### IV.    Conclusion

For the reasons set forth above, Defendant Laumeier's motion for summary judgment is granted.

**IT IS HEREBY ORDERED** that the Defendant John Laumeier's motion for summary judgment on Counts I and III [ECF No. 42] is **GRANTED.**

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of July, 2023